### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No. 19-2497-KHV-ADM |
| ) | |
| EL RODEO RESTAURANT, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATIONS

On May 19, 2020, the undersigned ordered Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") to show cause by May 26, 2020, why the undersigned should not recommend that its claims be dismissed pursuant to FED. R. CIV. P. 4(m) and/or FED. R. CIV. P. 41(b) and why the magistrate judge should not recommend that the amended complaint be stricken for violating FED. R. CIV. P. 11(a) by filing a pleading without counsel's signature. To date, Joe Hand has not responded. Because the magistrate judge recommends that the district judge dismiss this action without prejudice, the undersigned does not address the deficiencies with Joe Hand's amended complaint.

### I.   CLAIMS AGAINST ISABEL C. MARTINEZ AND RICARDO MARTINEZ

Rule 4(m) governs the time limit for service and provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The rule also provides that the court may extend the time for service if the plaintiff shows good cause for the failure. However, Rule 4(m)'s good-cause requirement "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994).

Joe Hand filed its amended complaint on February 4, 2020, naming Ms. and Mr. Martinez as party defendants. The docket reflects that summons were issued as to these defendants but were returned unexecuted. (ECF Nos. 10, 11.) On March 5, 2020, alias summonses were issued, but, to date, there is no record that Joe Hand obtained service on Ms. or Mr. Martinez. Because more than 90 days have passed since Joe Hand filed its amended complaint and because Joe Hand has not shown good cause for its failure to serve these defendants, the undersigned recommends that the district judge dismiss the claims against these defendants without prejudice.

## II.     CLAIMS AGAINST EL RODEO RESTAURANT, INC.

Rule 41(b) authorizes the court to dismiss an action when the plaintiff fails to prosecute its case or to comply with procedural rules or court orders. *Davis v. Miller*, 571 F.3d 1058, 1060–61 (10th Cir. 2009) (recognizing the court's authority to dismiss claims *sua sponte* pursuant to the rule). The court retains discretion to determine whether to dismiss an action with or without prejudice under Rule 41(b); however, the Tenth Circuit has cautioned that dismissal with prejudice is a drastic sanction that the court should use sparingly. *See id.* When considering dismissal as a sanction, the court applies the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Dismissal is proper when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on its merits. *Id.*

Here, these factors weigh in favor of dismissal. The degree of actual prejudice to El Rodeo is low because El Rodeo has not participated in this action. Joe Hand's delay in prosecuting this case has interfered with the judicial process. This case has been on file since August 22, 2019,

when Joe Hand filed its original complaint naming El Rodeo as a party defendant. Although the docket suggests that Joe Hand personally served El Rodeo with a copy of the original complaint, Joe Hand took no action when El Rodeo did not answer or enter an appearance in this case. Moreover, there is no indication that Joe Hand has served El Rodeo with a copy of its amended complaint, an additional violation of Rule 4(m). The undersigned has issued two separate show-cause orders and now this report and recommendation. Joe Hand is culpable for failing to prosecute because it has not responded to the show-cause order or offered any explanation for its lack of prosecution. Additionally, the court warned Joe Hand via the show-cause order that the court would likely dismiss this action as a sanction. And Joe Hand's repeated delays and failure to respond to the show-cause order lead the court to believe that any measures less than dismissal would not prompt Joe Hand to prosecute its case in a timely manner. The undersigned therefore recommends that the district judge dismiss Joe Hand's claims against El Rodeo without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), Joe may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If a party fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

Dated June 4, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge