IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| Plaintiff, | )   CIVIL ACTION |
| | ) |
| v. | )   No. 19-2497-KHV |
| | ) |
| EL RODEO RESTAURANT, INC., et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**

On February 4, 2020 Joe Hand Promotions, Inc. ("Joe Hand") filed an amended complaint that added Isabel C. Martinez and Ricardo Martinez as defendants. This matter is before the Court on Ms. Martinez's Motion to Dismiss Party (Doc. #25) filed August 6, 2020. For the reasons stated below, the Court overrules defendant's motion.

**Procedural History**

On August 22, 2019, plaintiff filed suit against El Rodeo Restaurant, Inc. and Roberto Eduardo Gonzalez Arriaga, alleging violations of the Copyright Act, 17 U.S.C. § 101 et. seq., and the Communications Act of 1934, 47 U.S.C. § 151, et. seq. See Complaint (Doc. #1). On February 4, 2020, plaintiff filed an amended complaint adding Ms. Martinez and Mr. Martinez as defendants. See Amended Complaint (Doc. #7). On February 7, 2020, plaintiff issued summons to both defendants. Both summonses were returned unexecuted because plaintiff did not have correct addresses for defendants. See Summons Returned Unexecuted By Joe Hand Promotions, Inc. As To Isabel C. Martinez (Doc. #10); Summons Returned Unexecuted By Joe Hand Promotions, Inc. As To Ricardo Martinez (Doc. #11). On March 7, 2020, plaintiff issued alias summons to both defendants. On May 19, 2020, Magistrate Judge Angel D. Mitchell ordered

plaintiff to show cause why she should not recommend that the claims be dismissed pursuant to Fed. R. Civ. P. 4(m) and/or Fed. R. Civ. P. 41(b) and the amended complaint be stricken because counsel did not sign the pleading.  Order To Show Cause (Doc. #12).  On June 6, 2020, after plaintiff failed to respond, Judge Mitchell recommended that the complaint be dismissed.  Report And Recommendations (Doc. #14).  On June 10, 2020, four days later, plaintiff objected to Judge Mitchell's report and recommendations.  Objection (Doc. #14).  Plaintiff explained that the COVID-19 pandemic significantly affected its business and ability to serve defendants.  Id. at 1–3.  In light of the objection, the Court declined to adopt Judge Mitchell's recommendations and requested that Judge Mitchell file an amended report and recommendation in light of plaintiff's objection.  Memorandum And Order (Doc. #15).

On July 7, 2020, Judge Mitchell ordered that plaintiff file a corrected amended complaint by July 14, 2020, and proof of service on the proper defendants by July 28, 2020.  She also ordered that by August 3, 2020, plaintiff show cause in writing why she should not recommend that the complaint be dismissed for lack of service under Rule 4(m) and/or failure to prosecute under Rule 41(b).  Order To Show Cause (Doc. #16) at 2.  Plaintiff complied with these deadlines, and Judge Mitchell did not recommend dismissal.  Order (Doc. #24).  On August 6, 2020, Ms. Martinez moved to dismiss pursuant to Rule 4(m), Fed. R. Civ P.  Motion to Dismiss Party (Doc. #25).

**Analysis**

Defendant argues that Rule 4(m), Fed. R. Civ. P., sets a 90-day deadline for service of a complaint.  Id. at 2.  Defendant explains that plaintiff's deadline to serve the complaint was November 20, 2019—90 days after August 22, 2019, the date plaintiff filed the original complaint.  Id.  Plaintiff argues that defendant was not then a party to the suit and that defendant was properly served within the deadline set by Judge Mitchell in the order to show cause.  Response (Doc. #27)

at 1–2.  Moreover, plaintiff argues that the COVID-19 pandemic hampered its ability to issue summons upon defendants and the Court should therefore exercise its discretion to find the service timely.  Id. at 2–3.

Under Rule 4(m) of the Federal Rules of Civil Procedure, plaintiff had 90 days from filing the amended complaint to serve defendants with the summons and complaint.   If plaintiff did not timely serve defendants, the Court may dismiss the action without prejudice or order that plaintiff effect service within a specified time.   Fed. R. Civ. P. 4(m).   If plaintiff shows good cause for the failure to serve defendant within 90 days, the Court will extend the time for service.  Id.  Absent a showing of good cause, the Court may still grant a permissive time extension or dismiss the case without prejudice.  See id.

As noted above, plaintiff served defendant before the deadline in Judge Mitchell's order to show cause dated July 7.  See Order To Show Cause (Doc. #16); Summons Returned Executed Upon Isabel C. Martinez (Doc. #22).  While plaintiff served defendant beyond the deadline in Rule 4(m), the Court may extend the time for service, even absent a showing of good cause.  Fed. R. Civ. P. 4(m).   Courts prefer to decide cases on their merits rather than on technicalities.  See Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982).  Defendant has not shown prejudice resulting from the delay in service.  Plaintiff timely complied with Judge Mitchell's order in amending its complaint, serving the defendants and showing written cause why the complaint should not be dismissed for lack of service or failure to prosecute.  Given the COVID-19 pandemic, plaintiff has shown some cause for its failure to timely serve defendant. Considering all these circumstances, Judge Mitchell did not recommend dismissal. For these reasons, consistent with Judge Mitchell's deadline, the Court extends the deadline for plaintiff to serve defendant to July 28, 2020.   Because plaintiff served defendant by this deadline, the Court

overrules defendant's motion to dismiss under Rule 4(m).

**IT IS THERFORE ORDERED** that Isabel C. Martinez's <u>Motion To Dismiss Party</u> (Doc. #25) filed August 6, 2020 is **OVERRULED.**

Dated this 19th day of October, 2020 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge